## THE MISSOURI.[1]

*(District Court, N. D. New York.   April 1, 1887.)*

CHARTER-PARTY—BREACH OF—ADMIRALTY JURISDICTION.

An action *in rem* cannot be maintained for the breach of a charter-party when the voyage was not undertaken, and no part of the cargo delivered on board.

Admiralty.   Libel *in rem* for breach of an executory contract.   Exceptions to libel.

*John G. Milburn,* for libelant.

*B. H. Williams,* for claimant.

COXE, J.   The libel alleges that in November, 1885, the owner of the steam-barge Missouri, by an agreement in writing, chartered her to the libelant to carry a cargo of lumber from Oscoda, Michigan, to Port Arthur, Ontario; that the owner wholly neglected and refused to perform the conditions of the charter-party.   The voyage was not undertaken, and no part of the cargo was placed on board.   The libel was filed September 9, 1886, and the vessel was seized while lying at the port of Buffalo.   The claimant now files exceptions, disputing the jurisdiction of the court upon the ground that no maritime lien was created, and therefore the libelant is not in a position to proceed *in rem.*   The sole question, therefore, is, can an action *in rem* be maintained for a breach of a charter-party, no part of the cargo having been delivered?

There can be no doubt that the negative of this proposition is sustained by a great preponderance of authority.   *The Keokuk,* 9 Wall. 517; *The Freeman,* 18 How. 182; *The Yankee Blade,* 19 How. 82; *The Hermitage,* 4 Blatchf. 474; *The General Sheridan,* 2 Ben. 294; *The Chaffee,* 2 Fed. Rep. 401; *The Monte A.,* 12 Fed. Rep. 331; *The City of Baton Rouge,* 19 Fed. Rep. 461.

The cases holding a contrary doctrine have not been followed in recent years.   As the question, so far as this court is concerned, is no longer an open one, an examination of it upon principle would be a pointless and unprofitable proceeding.

The exceptions are sustained.

[1] Reported by Theodore M. Etting, Esq., of the Philadelphia bar.